**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

RICHARD YOST,

    Plaintiff,

        v.

HUB MANAGEMENT, et al.,

    Defendants.

CIVIL ACTION NO. 3:02-CV-1487

(JUDGE CAPUTO)

## <u>MEMORANDUM</u>

Presently before the Court are Plaintiff's Written Specifications and Objections to Clerk's Judgment and Taxation of Costs Pursuant to L.R. 54.3.  (Doc. 68.)  On April 7, 2004, the Court granted Defendant HUB Management's motion for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure.  Also on April 7, 2004, a jury returned a verdict in favor of Defendant NCDJ Corporation.  Thereafter, Defendants filed a bill of costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.  (Doc. 59.)  The Clerk of the Court granted Defendants' request in part and taxed Plaintiff $726.13 in costs.  (Doc. 66.)  Plaintiff filed objections thereto pursuant to Local Rule 54.3.  (Doc. 68.)

Plaintiff first objects to Defendants' failure to file an affidavit verifying its bill of costs as required by 28 U.S.C. § 1924 at the same time they filed the request for costs. Section 1924 states, "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit . . . ."  Although Defendants neglected to file an affidavit when they initially filed their request for costs, Defendants subsequently filed the required affidavit before costs were taxed by the Clerk.  In light of Defendants'

eventual compliance with § 1924, Plaintiff's objection will be overruled.

Plaintiff next objects to the Clerk's calculation of costs.  In the Clerk's Taxation of Costs, the Clerk correctly rejected Defendants' request for reimbursement of photocopying and postage expenses.  (Doc. 66.)  The Clerk, however, awarded Defendants the cost of witness fees in excess of the statutory limit.  28 U.S.C. § 1821 states that witnesses shall be paid a fee of $40.00.  While § 1821 does authorize payment in excess of $40.00 for travel costs, Defendants' request does not indicate that any such additional costs were incurred.  The Court is mindful that the certificate required by § 1924 constitutes *prima facie* evidence of the facts recited therein and that the burden is on the objecting party to prove otherwise; however, as previously noted, there is no indication in any of Defendants' exhibits to the request that the witnesses incurred additional traveling expenses.

Plaintiff also objects to the Clerk's overall calculation of costs.  Having reviewed the Clerk's calculations, the Court agrees that the Clerk's calculations are in error.  Costs should have been calculated as follows:

| | |
|---|---|
| Cost of procuring depositions: | $519.80 |
| Witness fees: | $120.00 |
| Total: | $639.80 |

Therefore, the Court will sustain Plaintiff's objection.

Finally, Plaintiff objects to the Clerk's Taxation of Costs because he is indigent and unable to pay such costs.  In the Clerk's Taxation of Costs, the Clerk states that Plaintiff's "contention that he should be relieved from his obligation to pay taxable costs because his limited economic resources is not supported by law or the facts of this case."  (Doc.

66.)  This assertion is mistaken.  The United States Court of Appeals for the Third Circuit has instructed district courts to consider a losing party's indigency or inability to pay costs when awarding costs at the conclusion of a civil action.  *In re Paoli R.R. Yard Litig.*, 221 F.3d 449, 464 (3d Cir. 2000).  Although a losing party's indigency or inability to pay costs does not automatically mean that levying costs against that party is inequitable, the Court may take the losing party's financial status into consideration.  *Id.*  If the losing party has presented evidence that he is in fact indigent or otherwise unable to pay costs, the Court then may, in its discretion, exempt the losing party from costs.  *Id.*

Plaintiff has presented evidence that he is in fact unable to pay costs.  Plaintiff presented evidence that he is permanently disabled and has been since February 24, 2003.  (Doc. 65.)  Plaintiff also presented evidence that he only receives $920.00 in income each month.  (*Id.*)  Further supporting Plaintiff's assertion that he is unable to pay costs is the fact that Plaintiff's counsel is foregoing collection of over $3,000.00 in legal fees.  In light of this undisputed evidence, the Court finds that Plaintiff is unable to pay costs.  (*Id.*)  The Court will vacate the Clerk's Taxation of Costs (Doc. 66).

An appropriate Order follows.

April 28, 2005                           /s/ A. Richard Caputo
Date                                          A. Richard Caputo
                                            United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

RICHARD YOST,

      Plaintiff,

          v.

HUB MANAGEMENT, et al.,

      Defendants.

CIVIL ACTION NO. 3:02-CV-1487

(JUDGE CAPUTO)

<u>**ORDER**</u>

**NOW**, this   28th   day of April, 2005, **IT IS HEREBY ORDERED** that the Clerk's Taxation of Costs (Doc. 66) is **VACATED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge